IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS A. SHURLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROLLING HILLS HOSPITAL, LLC )<br>)<br>Defendant. )<br>) | Case No. 14-cv-00172-KEW |

## **COMPLAINT**

Plaintiff Thomas A. Shurley ("Shurley" or "Plaintiff"), for his causes of actions against Defendant Rolling Hills Hospital, LLC ("Defendant"), alleges and states:

### The Parties

1. At all relevant times, Shurley was and now is a resident of the City of Ada, Pontotoc County, State of Oklahoma.

2. At all relevant times, Defendant was and now is a for-profit limited liability company operating in the City of Ada, Pontotoc County, State of Oklahoma.

### Jurisdiction and Venue

3. This action is brought pursuant to 42 U.S.C. § 12101, et seq., including 42 U.S.C. § 12117, and 29 U.S. § 2601, et seq., over which this Court has jurisdiction, and venue is proper pursuant to 28 U.S.C. § 1391(b).

Fact Allegations

4. Shurley began his employment with Defendant in March 2008, and held the title of Director of Plant Operations.

5. Shurley consistently performed his job duties and responsibilities satisfactorily throughout the duration of his employment with Defendant.

6. On April 23, 2012, Shurley was diagnosed with cancer. After a biopsy, he started radiation and chemotherapy through Integris Cancer Institute of Oklahoma on May 15, 2012.

7. Shurley received radiation treatment five (5) days per week for seven (7) weeks, and he also received chemotherapy treatments during the first and fourth weeks of treatments. He completed the treatments on July 3, 2012.

8. Shurley's treating physician told him he could work as tolerated during his treatment period, but his immediate supervisor, Selena Stockley ("Stockley"), Defendant's Chief Executive Officer, told Shurley that she had talked to Corporate Office and they had decided not to allow Shurley to return to work until his treatment was completed for the stated reason that the Defendant did not want him to work intermittently.

9. Therefore, at the request of Defendant, Shurley filed for and received leave under the Family and Medical Leave Act ("FMLA").

10. Defendant's FMLA policy indicates that an employee on FMLA leave shall maintain his or her group insurance coverage, and it also allows for intermittent leave. The policy further indicates that "[o]n return from FMLA leave, generally the employee is entitled to be returned to the same position the employee held when the FMLA leave commenced, or to an equivalent position with equivalent benefits, pay and other terms and conditions of employment."

11. Shurley's FMLA leave was set to expire on August 28, 2012.

12. Following his treatments, and on or about July 30, 2012, Shurley believed he was healthy enough to return to work. He met with Defendant's Director of Human Resources, Leslie Martin ("Martin"), in the hopes of returning to the workplace. Instead, Martin informed Shurley that Defendant no longer wanted him to work for the company and that his employment was terminated.

13. There was no other legitimate reason for Shurley's termination other than the fact that he had a disability and had requested time off work under the FMLA.

14. Shurley's disability and time off through the FMLA was a motivating factor in the decision to terminate Shurley's employment.

15. Shurley filed his Charge of Discrimination with the United States Equal Employment Opportunity Commission, and received a Notice of Suit Rights on February 6, 2014. Shurley has timely brought this action.

## FIRST CAUSE OF ACTION – VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT/AMENDMENTS

16. Plaintiff incorporates by reference Paragraphs 1 through 15 as though set forth in full herein.

17. This claim is brought and jurisdiction lies pursuant to Americans With Disabilities Act/Amendments ("ADAA"), 42 U.S.C. § 12177, which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5.

18. All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with, namely:

   (a) A charge of employment discrimination on the basis of disability was filed with the EEOC within three hundred (300) days of the commission of the unlawful employment practice alleged herein;

   (b) A notification of Notice of Suit Rights was received from the EEOC on February 6, 2014; and,

   (c) The Complaint has been filed within ninety (90) days of the receipt of the Notice of Suit Rights.

19. Shurley is an individual with a "disability" as that term is defined in 42 U.S.C. § 12102(1).

20. Defendant is a "person" within the meaning of Section 101(7) of the ADAA, 42 U.S.C. § 12111(7), and is an "employer" within the meaning set forth 42 U.S.C. § 12111(5)(A). Defendant is also a "covered" entity within the meaning of ADAA Section 101(2), 42 U.S.C. § 12111(2).

21. Shurley, with and without reasonable accommodation did and could perform the essential functions of his job.

22. Shurley has been a "qualified individual with a disability" at all times since his knee surgery.

23. Shurley's disability was improperly a motivating factor in Defendant's decision to terminate Shurley in violation of 42 U.S.C. § 12112(a).

24. Moreover, Defendant failed and refused to provide any reasonable accommodations for Shurley in order to allow him to return to his position while he was receiving treatments, or even following the completion of his treatments.

25. Shurley was terminated because of his disability since he missed time at work in order to treat his disability, and because Defendant's cost of insurance was negatively impacted as a result of the expense of his medical treatments.

26. As a direct and proximate result of Defendant's aforementioned wrongful conduct, Shurley has sustained substantial economic loss including past and future compensation, and other economic benefits. Shurley has also sustained loss of financial stability, peace of mind, and future security, and has suffered embarrassment,

humiliation, mental and emotional distress and discomfort, and all loss of enjoyment of life, all to his detriment and damage in amounts in excess of $75,000.00.

WHEREFORE, Plaintiff demands judgment against Defendant:

(1) That judgment be entered declaring that Plaintiff was unlawfully discriminated against by Defendant in violation of the ADAA, as amended;

(2) That Defendant be ordered to make Plaintiff whole by providing back pay and any and all other remedies authorized by the ADAA, as amended, including but not limited to salary and benefits, and accrued interest from the date of his termination until entry of judgment against Defendant and for compensatory damages for Plaintiff's mental anguish, pain and suffering, and other non-pecuniary losses, including punitive damages allowed by the ADAA;

(3) That Plaintiff be awarded his costs and expenses of this litigation including reasonable attorney's fees and expert witness fees; and,

(4) That Plaintiff be granted such legal and equitable relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION –VIOLATION OF FMLA

27. Plaintiff incorporates by reference herein Paragraphs 1 through 26 as though set forth in full.

28. The Family Medical Leave Act ("FMLA") entitles eligible employees of covered employers to take unpaid, job-protected leave for specified family and medical reasons with continuation of group health insurance coverage under the same terms and conditions as if the employee had not taken leave.

29.     It also prohibits termination against those employees who utilize such leave for specified family and medical reasons.

30.     Shurley is an eligible employee because he worked for a covered employer, worked 1,250 hours during the twelve (12) months prior to his termination, worked at a location where the employer has 50 or more employees within 75 miles, and worked for Defendant for twelve (12) months.

31.     Defendant is a covered employer.

32.     As an eligible employee, Shurley was entitled to twelve (12) workweeks of leave for the care of his serious health condition.

33.     Shurley suffered an adverse employment action at the hands of Defendant in that he was terminated from his position while he was out on leave afforded to him under the FMLA.

34.     There is a causal connection between Plaintiff's termination and his need to engage in the protected rights to which she was entitled under the FMLA.

35.     As a direct and proximate result of Plaintiff's discharge of employment, Plaintiff has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to reputation, and lost enjoyment of life, all to his damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

(1) Award Plaintiff damages against Defendant in an amount equal to any wages, salary, employment benefits, and other compensation denied or lost to plaintiff by reason of the violation of the statute;

(2) Award Plaintiff interest on the amount of any wages, salary, employment benefits and other compensation denied or lost to Plaintiff by reason of the violation of the statute;

(3) Award Plaintiff such equitable relief as may be appropriate, including employment, reinstatement, and promotion;

(4) Award Plaintiff reasonable attorney's fees, reasonable expert witness fees, and other costs of this action;

(5) Grant Plaintiff such other and further relief as the Court deems appropriate under the circumstances.

WARD & GLASS, L.L.P.

s/Woodrow K. Glass
Woodrow K. Glass, OBA#15690
Stanley M. Ward, OBA#9351
Scott F. Brockman, OBA#19416
R. Ben Houston, OBA#14751
Barrett T. Bowers, OBA#30493
1821 E. Imhoff Road
Norman, Oklahoma 73071
(405) 360-9700
(405) 360-7902 (fax)
ATTORNEYS FOR PLAINTIFF

JURY TRIAL DEMANDED
ATTORNEYS' LIEN CLAIMED